IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CLIVE B. HILGERT,<br><br>              Plaintiff,<br><br>vs.<br><br>RODGER D. HILGERT, ASHLEY LEVITT ANDERSON, KATRINKA E. SCHNABEL HILGERT and CHRISTINE VANDERFORD,<br><br>              Defendants. | 8:19CV111<br><br>MEMORANDUM<br>AND ORDER |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff, claiming $20 million in damages, brings this diversity action against the Defendants for engaging in "fraudulent and negligent misrepresentation" and "a conspiracy to defraud" him of one-third of certain corporate shares that were part of his deceased father's (the "decedent's") estate. Plaintiff claims the shares had a value of $1 million. (Filing 1 at CM/ECF pp. 12, 17.) Under the decedent's will, Plaintiff alleges that he was to receive one-third of the unrestricted common shares of Cotner Investment Corporation ("CIC"), a Nebraska corporation. (*Id*. at p. 3.) Defendants Rodger Hilgert, Plaintiff's younger brother, and Ashley Anderson, the decedent's granddaughter, were also beneficiaries of the CIC shares. Defendant Christine Vanderford was vice president and attorney for CIC, drafted the decedent's will, was the personal representative of the decedent's estate, and was the attorney for Defendant Katrinka Hilgert, who allegedly became the decedent's wife four to five

months before his death. The decedent allegedly signed his will three weeks before his death. (*Id*. at p. 7.)

Plaintiff alleges that sometime after the reading of the decedent's will, the Defendants agreed that Plaintiff "was to be disinherited without any notice and without cause." (*Id*. at p. 10.) Plaintiff testifies by an affidavit attached to his Complaint that Katrinka Hilgert, who was not a beneficiary of the CIC shares under the will, "signed a check in CIC's name and closed CIC's bank account and declared a cash [dividend]"; "made an unauthorized offer to purchase all of the shares in CIC for a total of $4,500"; and appointed herself as the entire board and office-holder of CIC, contrary to the terms of the will. Plaintiff also claims that his father's will did "not have the legal authority to appoint officers in a c-corporation, create an unknown entity named CICEC, create a special class of shares that can not be sold, transferred, gifted, encumbered." (*Id*. at p. 20, 22, 24-25.)

Plaintiff's Complaint in this case refers to a complaint that was previously dismissed in the United States District Court for the Southern District of Texas. (Filing 1 at CM/ECF p. 12.) Electronic records from that court show that Plaintiff filed a similar action against Defendants Vanderford and Katrinka Hilgert in 2016; the Texas court dismissed the case without prejudice for improper venue; and—after extensive analysis of Plaintiff's purported claims under the Fourteenth Amendment and Nebraska law for intentional and negligent misrepresentation/fraud and conspiracy—the court elected not to transfer the case to this court because Plaintiff "state[d] no claims upon which relief could be granted." *Hilgert v. Vanderford*, No. 7:15CV488, Filing 26 at CM/ECF p. 12 (S.D. Tex. Aug. 22, 2016).[1]

---

[1] This court is entitled to take judicial notice of public records. *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (court may take judicial notice of public records); *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court "may take judicial notice of judicial opinions and public records").

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

### A. Lack of Subject-Matter Jurisdiction

First, it appears that the probate exception to federal-court diversity jurisdiction may apply to Plaintiff's challenges to the distribution of his father's estate and the "legality" of various terms of his father's will, regardless of how Plaintiff characterizes his claims (fraudulent/negligent misrepresentation; conspiracy to defraud).

3

"Decisions of this Court have recognized a 'probate exception,' kin to the domestic relations exception, to otherwise proper federal jurisdiction." *Marshall v. Marshall*, 547 U.S. 293, 308 (2006). "The probate exception is a judicially-created limitation on federal court subject matter jurisdiction, which prohibits the exercise of jurisdiction even where, as here, all the prerequisites for diversity jurisdiction are otherwise present." *Sianis v. Jensen*, 294 F.3d 994, 997 (8th Cir. 2002). "[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Marshall*, 547 U.S. at 311-12.

"Generally, where the dispute over the will would be cognizable only in a state probate court, a federal court is deprived of jurisdiction over the contest, and the aggrieved party must pursue the action in the probate court." *Sianis*, 294 F.3d at 998.[2] In Nebraska, "a party challenging a will that has been previously probated in an informal proceeding may, pursuant to the Nebraska Probate Code, Neb. Rev. Stat. §§ 30-2201 through 30-2902, institute an action in a Nebraska probate court to

---

[2] In Nebraska, the probate court "has jurisdiction over all subject matter relating to (1) estates of decedents, including construction of wills and determination of heirs and successors of decedents, and estates of protected persons . . . ." Neb. Rev. Stat. § 30-2211 (Westlaw 2020); *see also* Neb. Rev. Stat. § 24-517(1) (Westlaw 2020) (Nebraska county courts have "[e]xclusive original jurisdiction of all matters relating to decedents' estates, including the probate of wills and the construction thereof . . . ."); *Brinkman v. Brinkman*, 923 N.W.2d 380, 386 (Neb. 2019) ("[I]t is well settled that the county court has been given complete equity powers as to all matters within its probate jurisdiction. This has long included the authority to construe a will when necessary to enable the settlement of an estate properly." (footnotes omitted)); *In re Estate of Nemetz*, 735 N.W.2d 363, 367 (Neb. 2007) ("A county court has exclusive jurisdiction over all proceedings regarding a decedent's estate.").

4

contest the will, provided that the action is filed within the later of twelve months from the informal probate or three years from a decedent's death." *Id*. at 998 (citing Neb. Rev. Stat. § 30-2408). Thus, "[b]ecause a challenge to a previously probated will is cognizable only in a Nebraska probate court," a federal district court lacks subject matter jurisdiction over "a proceeding that essentially amounts to a continuation of the earlier probate proceeding." *Id*. (holding that federal district court lacked subject-matter jurisdiction to adjudicate whether beneficiaries under will fraudulently induced decedent into executing her will).

Because the question here is whether property was validly transferred out of Plaintiff's father's estate in accordance with the terms of his father's testamentary documents—which is a probate court's function when it administers an estate—this court lacks subject-matter jurisdiction over Plaintiff's claims. *See Gaspar v. Gaspar*, No. 8:16CV218, 2016 WL 9408554, at *3 (D. Neb. Sept. 1, 2016), *report and recommendation adopted*, No. 8:16CV218, 2016 WL 5660289 (D. Neb. Sept. 30, 2016) (applying probate exception and finding that jurisdiction was improper in federal district court when issue was determination of ownership interest in property which was part of estate subject to probate); *Thompson v. Bolin*, No. 318CV00028RGEHCA, 2018 WL 8997475, at *3 (S.D. Iowa Sept. 10, 2018) (probate exception to federal jurisdiction applied when plaintiff's request for damages was essentially claim for estate assets or their proceeds and substance of complaint asked court to inventory estate assets and order the proper distribution thereof; despite allegations of "fraud," "theft," and "conspiracy," plaintiff's "allegations of wrongdoing all relate to the disposition of estate assets and are closely aligned with the administration of the estate"); *Colclasure v. Young*, No. 4:07CV00540 JLH, 2007 WL 3005333, at *3 (E.D. Ark. Oct. 11, 2007) (claims seeking an inventory, accounting, and declaration of title to property of the estate "would require this Court to interfere with the property involved in the probate court proceedings and are therefore dismissed").

**B. Failure to State Claim**

Even if the probate exception to federal diversity jurisdiction did not apply in this case, Plaintiff fails to state a claim upon which relief can be granted.

**1. Fraudulent & Negligent Misrepresentation**

> To state a claim for fraudulent misrepresentation, a plaintiff must allege (1) that a representation was made; (2) that the representation was false; (3) that when made, the representation was known to be false or made recklessly without knowledge of its truth and as a positive assertion; (4) that the representation was made with the intention that the plaintiff should rely on it; (5) that the plaintiff did so rely on it; and (6) that the plaintiff suffered damage as a result. Negligent misrepresentation has essentially the same elements as fraudulent misrepresentation with the exception of the defendant's mental state.

*Zawaideh v. Nebraska Dep't of Health & Human Servs. Regulation & Licensure*, 825 N.W.2d 204, 212 (Neb. 2013) (footnotes omitted).

The only representations Plaintiff alleges were made to him were those by his younger brother, Rodger Hilgert—that is, that Rodger had no interest in inheriting stock in CIC, being on its board of directors, or being an office-holder; that he had talked to Defendant Ashley Anderson, who agreed that she also wanted nothing to do with CIC or its business, a candy store; and that Plaintiff's and Rodger's father (the decedent) only married Defendant Katrinka Hilgert so she could collect his Social Security benefits. (Filing 1 at CM/ECF pp. 10-11, 13.) Plaintiff alleges that "all of the negative opinions changed when the conspiracy was formed to disinherit Plaintiff"; that Plaintiff relied on these representations, which Defendants knew were false and which were "inten[d]ed to be relied on"; that Defendants lured Plaintiff

6

into relying upon the representations "as detailed in the will"; and that Plaintiff was damaged "as a direct result of said representations." (*Id*. at pp. 13-15, 17.)

Plaintiff alleges no facts indicating how Rodger's and Ashley's professed disinterest in CIC and its candy business and Rodger's suspicions about his father's wife resulted in Plaintiff not receiving his share of his father's estate. In other words, even if Plaintiff did "rely" on these representations, there is no causal connection between these representations and Plaintiff's alleged damages. Therefore, Plaintiff fails to allege facts stating a plausible fraudulent/negligent misrepresentation claim.

### 2. **Conspiracy**

Plaintiff also alleges that the Defendants "joined together to see that Plaintiff received nothing from the last will and testament of Clive Hilgert . . . ." (Filing 1 at CM/ECF p. 11.)

"A civil conspiracy is a combination of two or more persons to accomplish by concerted action an unlawful or oppressive object, or a lawful object by unlawful or oppressive means." *Eicher v. Mid Am. Fin. Inv. Corp*., 702 N.W.2d 792, 805 (Neb. 2005). In proving a civil conspiracy, it is "necessary to prove the existence of at least an implied agreement to establish conspiracy." *Ashby v. State*, 779 N.W.2d 343, 357 (Neb. 2010). Further, "[a] civil conspiracy is only actionable if the alleged conspirators actually committed some underlying misconduct." *Eicher v. Mid Am. Fin. Inv. Corp*., 748 N.W.2d 1, 15 (Neb. 2008). In other words, "a conspiracy is not a separate and independent tort in itself; rather, it depends upon the existence of an underlying tort." *Ashby*, 779 N.W.2d at 357. Here, the underlying tort is alleged to be fraudulent misrepresentation.

Because Plaintiff has not alleged a fraudulent misrepresentation claim, as discussed above, he also has not alleged a conspiracy to commit such conduct.

### 3. Leave to Amend

Although Plaintiff does not request leave to amend his Complaint, such leave shall not be granted sua sponte because any such amendment would be futile due to Plaintiff's failure to state a claim upon which relief can be granted. *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557 (8th Cir. 2006) (leave to amend may be denied when amendment would be futile); *Cornelia I. Crowell GST Tr. v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008) ("when the court denies leave on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure").[3]

Accordingly,

IT IS ORDERED that Plaintiff's Complaint is dismissed without prejudice, and judgment will be entered by separate document.

Dated this 23rd day of January, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

---

[3] This is especially so considering the conclusion of the United States District Court of the Southern District of Texas that Plaintiff "state[d] no claims upon which relief could be granted" in his similar lawsuit against Defendants Vanderford and Katrinka Hilgert in Texas. *Hilgert v. Vanderford*, No. 7:15CV488, Filing 26 at CM/ECF p. 12 (S.D. Tex. Aug. 22, 2016).