IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CLIVE B. HILGERT,<br><br>               Plaintiff,<br><br>    vs.<br><br>RODGER D. HILGERT, ASHLEY LEVITT ANDERSON, KATRINKA E. SCHNABEL HIGERT, and CHRISTINE VANDERFORD,<br><br>               Defendants. | **8:19CV111**<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court on Plaintiff's motion for leave to amend the Complaint (filing 9), motion to add a defendant (filing 10), proposed "Third Amended Complaint" (filing 11), and motion for separate and independent counsel for each defendant (filing 13). The court dismissed Plaintiff's Complaint on January 23, 2020 without prejudice for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted and determined that amendment would be futile. (Filings 7 & 8.)

      As the court has already entered judgment in this case, Rule 15 of the Federal Rules of Civil Procedure, which governs amendment of pleadings before, during, and after trial, is inapplicable to Plaintiff's motion to amend (filing 9). Liberally construed, Plaintiff's motion to amend may be considered either as a Rule 59(e) motion to alter or amend judgment or as a Rule 60(b) motion for relief from judgment. *See Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). But whichever rule is applied, the motion fails.

      Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St.*

*Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id*. A Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment." Fed.R.Civ.P. 59(e). Here, Plaintiff filed his motion on March 2, 2020, or 39 days after the court entered judgment. Thus, Plaintiff is not entitled to any relief under Rule 59(e) as his motion is untimely.

A Rule 60(b) motion "must be made within a reasonable time," and the court assumes Plaintiff's motion was timely filed. Fed.R.Civ.P. 60(c)(1). Under Rule 60(b), a court may grant a party relief from a judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777–78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

Here, Plaintiff argues that the court "errored [sic] on the facts and the law of the complaint" and asserts "none of what Plaintiff's complaint related to . . . happened during the probate court's processing of the will." (Filing 9 at CM/ECF p. 1.) Upon consideration of Plaintiff's motion, the court is unpersuaded by Plaintiff's arguments which merely seek to recharacterize the allegations of his Complaint. The court stands by its reasoning and conclusion in its January 23,

2020 Memorandum and Order and remains convinced that amendment of the Complaint would be futile. The court concludes Plaintiff has not demonstrated any legitimate reason for altering, amending, or otherwise obtaining any relief from the court's judgment of dismissal. He has not presented any "extraordinary circumstances" justifying relief. Thus, Plaintiff has failed to establish sufficient grounds for setting aside the court's judgment under Rule 60(b).

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion to amend (filing 9) is denied.

2. Plaintiff's motion to add a defendant (filing 10) and motion for separate and independent counsel (filing 13) are denied as moot.

Dated this 11th day of June, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge